UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH )<br>1155 15th Street, NW )<br>Suite 900 )<br>Washington, D.C. 20005 )<br>)<br>          Plaintiff, )<br>  v. )<br>)<br>UNITED STATES DEPARTMENT OF STATE )<br>2201 C Street NW )<br>Washington, DC 20520 )<br>)<br>          Defendant. ) | C.A. No. 18-1802 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff INSTITUTE FOR ENERGY RESEARCH ("IER") for its complaint against Defendant UNITED STATES DEPARTMENT OF STATE ("STATE"), alleges as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under one FOIA request for certain described agency records, to which request defendant has provided no response whatsoever and therefore has denied.

2) These records are of great public interest and would further illuminate State Department assistance with an effort by a lobbyist for an environmentalist pressure group that had been "approached by" an agency of China's government, to assemble and coordinate "climate change" activists "in recognition that the current [Obama] Administration is coming to an end soonish and their [China's] desire to open up channels in DC that are additional to the ones that are working well now" (quoting an April 15, 2015 email from that lobbyist to two State Department officials).

1

3) The request, sent on June 26, 2018, sought records relating to communications between State employees and others, particularly Jennifer Morgan of World Resources Institute, grounded in specific records produced by State under other FOIA productions.

4) The subject matter at the heart of this request is a topic of increasing public interest, specifically, the relationship between U.S.-based environmentalist pressure groups' advocacy work to influence U.S. environmental and resource policy and their relationships with foreign entities, as well as any implications thereof.

5) State has failed to provide plaintiff with the requisite determination about whether the Department would comply with plaintiff's requests, as required by FOIA, and as articulated by this Court in *CREW v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013), under which, within the statutory deadline of 20 working days, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions."

6) In fact, State failed to acknowledge plaintiff's request, to grant a fee waiver, assign it a tracking number, or to provide an initial determination of the number of responsive records it intends to release or withhold within the 20-day time limit established under 5 U.S.C.S. § 552(a)(6)(A)(i), or to provide any records responsive to either request.

7) Defendant's failure to respond has constructively exhausted all of plaintiff's administrative remedies leaving plaintiffs no choice but to file this lawsuit to compel State to comply with the law with regard to release of agency records.

**PARTIES**

8) Plaintiff IER is a non-profit public policy institute in Washington, D.C. organized under section 501(c)3 of the tax code, with research, publication and other media functions, as well as a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources, all of which include broad dissemination of public information obtained under open records and freedom of information laws.

9) Defendant State Department is a federal agency headquartered in Washington, DC.

**JURISDICTION AND VENUE**

10) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

11) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiff resides in the District of Columbia, and defendant State is a federal agency.

**FACTUAL BACKGROUND**

12) On June 26, 2018, plaintiff sent a FOIA request to State by confirmed fax transmission, requesting correspondence over a specified period of time, to or from any among six identified former officials which mention, or sent to or from a specific individual Jennifer Morgan, and use any of the words a) China, b) Chinese, c) NCSC, d) support (including also supportive, supporting, et al.), and/or e) expert (including also in other uses, e.g., "experts" or "expertise").

13) These records relate to State's work with Ms. Morgan and/or her then-employer World Resources Institute, which work was revealed in other public records reflecting Ms. Morgan's request for State officials' assistance after China's National Center for Climate Change Strategy and International Cooperation (NCSC) had "approached" WRI in 2015 to coordinate think tanks and other advocates — including those identified by China — "stem[ming] from the recognition that this Administration is coming to an end soonish and their desire to open up channels in DC that are additional to the ones that are working well now."

14) Records show that Morgan's request for State Department assistance with this effort was met with an enthusiastic response and substantial follow up collaboration. IER seeks the documentation of State's follow up and collaboration in the effort.

15) Plaintiff further narrowed the scope of the request, excluding as non-responsive any records that were otherwise responsive if already produced in *Energy & Environment Legal Institute v State* (17-340, DCDC), which was in production until January 2018.

16) Plaintiff further narrowed its request to exclude as non-responsive correspondence that merely forwards press clippings, such as news accounts or opinion pieces, if that correspondence has no comment or no substantive comment added by an party.

17)  State did not acknowledge plaintiff's request or its requests in the alternative for fee waiver.

18) FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, that the agency intends to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and

4

communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

19) State owed plaintiffs their response by July 25, 2018.

20) State is now past its statutory period for issuing such determinations on all of the above-described requests.

21) Defendant State is thereby improperly denying plaintiff access to agency records in violation of FOIA.

**FIRST CLAIM FOR RELIEF**
**Duty to Produce Records – Declaratory Judgment**

22) Plaintiff re-alleges paragraphs 1-21 as if fully set out herein.

23) Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

24) Plaintiff has a statutory right to the information it seeks and that defendant has unlawfully withheld.

25) Plaintiff is not required to further pursue administrative remedies.

26) Plaintiff asks this Court to enter a judgment declaring that:

    a.    Plaintiff is entitled to records responsive to their FOIA request described above, and any attachments thereto, but State failed to provide them;

    b.    State's response to plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy State's obligations under FOIA;

    c.    State must now produce records responsive to plaintiff's request.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

27) Plaintiff re-alleges paragraphs 1-26 as if fully set out herein.

28) Plaintiff is entitled to injunctive relief compelling State to produce the responsive records.

29) Plaintiff asks the Court to enter an injunction ordering State to produce to plaintiff, within 10 business days of the date of the order, the requested records sought in plaintiff's FOIA requests described above, and any attachments thereto.

30) Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiffs challenges to defendant's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

31) Plaintiff re-allege paragraphs 1-30 as if fully set out herein.

32) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

33) This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 1st day of August, 2018,

By Counsel:

_____/s/_ Christopher Horner_____
Christopher C. Horner
for GOVERNMENT ACCOUNTABILITY
    & OVERSIGHT P.C.
D.C. Bar No. 440107
chris@chornerlaw.com
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458

_____/s/_ Jason T. Miller_____
Jason T. Miller
D.D.C. Bar No. MD0060
61miller@cua.edu
4008 Ferrara Drive
Silver Spring, MD 20906
(269) 841-0046

ATTORNEYS FOR Plaintiff